FIRST DIVISION

June 30, 1997

No. 1-95-1273

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

TERRY JONES,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County.

No. 94 CR 20313

Honorable

James M. Schreier,

Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

Following a joint bench trial with his codefendant, Tony Hays, defendant Terry Jones was found guilty of vehicular invasion and thereafter sentenced to a Class X 20-year prison term.  On appeal, defendant contends that (1) he was not proved guilty beyond a reasonable doubt and (2) the circuit court abused its sentencing discretion.

BACKGROUND

At trial, Carl Irps testified that on July 7, 1994, at approximately 5:30 a.m., he was waiting alone inside his van at the corner of Paulina Street and Jackson Boulevard in Chicago to begin pipefitting work in a nearby restaurant when defendant and Hays approached him.  Defendant had an unlit cigarette in his mouth and motioned for a match.  Irps indicated that he did not have one, whereupon defendant and Hays continued walking until they reached a stop sign at the corner.  There, they stopped and continued to talk.

Defendant and Hays then turned around and walked back to Irps, who by that time had found a matchbook.  Irps rolled down his window and gave defendant the matchbook.  Defendant took the matchbook from Irps and lit his cigarette.  According to Irps, defendant suddenly lunged at him through the open driver's side window with a "folding knife or something" and said, "I am going to cut you."  Irps "bailed for" his passenger's side door, jumped out of his van and fled.  Defendant and Hays followed.  As he ran, Irps noticed a nearby hospital's security truck driving toward him.  Irps pointed to his pursuers.  The security officer driving that truck responded and began to chase defendant and Hays.

Irps further testified that he was not cut or otherwise struck by defendant.

David A. Schur, the hospital security officer who assisted Irps, testified that he was stationed on the Paulina Street bridge on July 7, 1994, in the early morning, and there saw defendant and Hays walking along Paulina toward Jackson Boulevard.  According to Schur, defendant and Hays stopped in the middle of the Paulina Street-Jackson Boulevard intersection and then began walking toward a blue van.  When they reached the van, defendant approached the driver's side window, reached inside and then "back[ed] off."  Schur drove closer.  As he did, he saw defendant return to the front of the van and then run back toward the rear of the van.  He then saw Irps running from defendant and Hays toward Van Buren Street.

Schur further testified that as Irps fled toward him, he pointed at defendant and Hays and "mumbled something about [them] trying to rob him."  Schur radioed for assistance.  He then got out of his truck and told defendant and Hays to stop.  They did not and he gave chase.

Chicago police officer Patrick M. Finucane testified that he and his partner responded to Schur's radio call and shortly thereafter arrested defendant.  Hays was later arrested by other responding officers.

Chicago police officer Daniel McWeeny testified that he spoke with Irps and Schur and then interviewed defendant.  According to Detective McWeeny, defendant denied any attempt to rob Irps.

Neither defendant nor Hays presented any evidence in their defense.

Following closing statements, the circuit court found both defendant and Hays guilty of vehicular invasion.  Specifically, the circuit court found that "[defendant] reached into the van and with a knife or razor-like instrument *** attempted to cut [Irps]."

SUFFICIENCY OF THE EVIDENCE

Defendant initially contends, that although the evidence introduced against him established his intent to commit aggravated assault, a Class A misdemeanor, within Irps' van, it did not establish his intent to commit a felony therein.

In resolving a challenge to the sufficiency of the evidence used to convict a defendant, a reviewing court does not reweigh that evidence.  See 
People v. Young
, 128 Ill. 2d 1, 48-51 (1989).  Rather, it resolves such a challenge by determining whether, after viewing all the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Young
, 128 Ill. 2d at 48-49, citing 
Jackson v. Virginia
, 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573-74, 99 S. Ct. 2781, 2788-89 (1979).  Only when the evidence of a defendant's guilt is so unsatisfactory, improbable or implausible, as to create a reasonable doubt, will a conviction be set aside.  
People v. Slim
, 127 Ill. 2d 302, 307 (1989).

Section 12-11.1 of the Criminal Code of 1961 states as follows:

"A person commits vehicular invasion who knowingly, by force and without lawful justification, enters or reaches into the interior of a motor vehicle *** while such motor vehicle is occupied by another person or persons, with the intent to commit therein a theft or felony."  720 ILCS 5/12-11.1 (West 1994).

Here, defendant's challenge to the sufficiency of the evidence is based upon the presumption that Illinois does not recognize the offense of attempted aggravated battery.  
We reject that presumption, for such an offense is recognized in this State.  
People v. Britz
, 39 Ill. App. 3d 200, 202 (1976)(attempted aggravated battery); 
Macklin v. Commonwealth Life & Accident Co.
, 121 Ill. App. 2d 119, 126-27 (1970)(attempted aggravated battery); see 720 ILCS Ann. 5/12-1, Committee Comments - 1961, at 215 (Smith-Hurd 1993)(attempted battery).  Moreover, because attempted aggravated battery is a specific intent offense, a defendant convicted of such is also axiomatically deemed to have possessed the intent to commit aggravated battery.  See 720 ILCS 5/8-4(a)(West 1995); 
People v. Miner
, 46 Ill. App. 3d 273, 283 (1977).  Aggravated battery is a Class 3 felony.  720 ILCS 5/12-4(b)(West 1994).

The circuit court implicitly found defendant guilty of attempted aggravated battery.  We perceive no error in that finding.  Indeed,
 we believe, as we did in 
People v. Hays
, No. 1-95-1278 (1995)(unpublished order under Supreme Court Rule 23), that a rational trier of fact, viewing the evidence in a light most favorable to the State, could have found defendant guilty of
 vehicular invasion beyond a reasonable doubt.

PROPRIETY OF DEFENDANT'S SENTENCE

Defendant also contends that the circuit court abused its sentencing discretion.  Specifically, defendant argues that his 20-year sentence is grossly disproportionate to the 8-year sentence imposed upon his codefendant, Hays.

At the time of defendant's offense and his subsequent sentencing, the Unified Code of Corrections provided: "A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence."  730 ILCS 5/5-8-1(c) (West 1994) (eff. August 11, 1993).  The mandatory language of section 5-8-1(c) has been interpreted to mean that a defendant who fails to file a post-sentencing motion challenging the correctness of the sentence waives appellate review of the matter unless it appears that the trial court imposed consecutive or extended sentences without legal justification.  See 
People v. Reed
, 282 Ill. App. 3d 278, 280-81 (1996) (cautioning litigants about ignoring the waiver rule only because "substantial" or "fundamental" rights are implicated).

Here, defendant essentially argues that he was denied fundamental fairness in sentencing.  See 
People v. Brown
, 249 Ill. App. 3d 986, 620 N.E.2d 1090 (1993) (holding that fundamental fairness requires that defendants similarly situated should not receive grossly disparate sentences).  Defendant did not raise this issue before the circuit court in a post-sentencing motion.  Accordingly, under 
Reed
, we deem the matter waived.

Although we deem the matter waived, we are mindful that the Illinois Supreme Court has granted the defendant's petition for leave to appeal the 
Reed
 decision.  Accordingly, in the interests of judicial economy, we note that even if this court were to consider defendant's argument, we would find no error. 

A sentencing determination is committed to a circuit court's sound discretion.  Accordingly, such a determination will not be disturbed on appeal unless that discretion is shown to have been abused.  
People v. LatPointe
, 88 Ill. 2d 482, 492 (1981); 
People v. Perruquet
, 68 Ill. 2d 149, 153 (1977).  Similarly situated defendants may not be sentenced to unreasonably disparate sentences.  
People v. Godinez
, 91 Ill. 2d 47, 55 (1982).  
However, a disparity between the sentences of similarly situated defendants will not be deemed unreasonable on appeal if that disparity is "warranted by differences in the nature and extent of the concerned defendants' participation in the offense."  
Godinez
, 91 Ill. 2d at 55.

Here, defendant's participation in the vehicular invasion was much greater than Hays'.  Defendant also had a more serious criminal history.  Under these circumstances, the circuit court will not be found to have imposed an unreasonably disparate sentence upon defendant nor to have otherwise abused its sentencing discretion.  See 
People v. Martin
, 81 Ill. App. 3d 238, 245-46 (1980).

CONCLUSION

For the aforementioned reasons, we affirm the judgment of the circuit court.  As a part of our judgment, we also grant the State's request and assess $100 against defendant, as costs, for the State's defense of this appeal.

Affirmed.

BUCKLEY, J., and GALLAGHER, J., concur.