**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2006[*]
Decided December 14, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1841

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05-40112-001 |
| KENRA SHARAY CAMPBELL, *Defendant-Appellant.* | **Michael M. Mihm,** *Judge.* |

**O R D E R**

Kenra Campbell pleaded guilty without a plea agreement to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). After increasing her offense level because

---

[*] On October 2, 2006, we granted the appellant's motion to waive oral argument. Therefore, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

she tried to shoot a police officer with the gun and created a substantial risk of serious bodily injury to the officer, the district court sentenced Campbell to 120 months' imprisonment. *See* U.S.S.G. §§ 2K2.1(b)(5), 3A1.2(c)(1). Campbell argues that she should be resentenced because the district court's finding that she pointed the gun at the officer and pulled the trigger is clearly erroneous. She also argues that her sentence is unreasonably high. Because the court's factual finding is not clearly erroneous and Campbell's prison sentence is reasonable, we affirm.

According to the probation officer's account in the presentence investigation report, Officer Brian Morrissey, from the East Moline, Illinois, police force, apprehended Campbell after receiving a disturbance call reporting that a person was being attacked by four people, one of whom matched Campbell's description. Once Morrissey arrived at the caller's location, he spotted Campbell fleeing and gave pursuit. He soon caught up with her and escorted her to his squad car. As Morrissey began to pat Campbell down for weapons, she tried to pull away. He then handcuffed her right hand, but before he could secure her left hand, she reached into her waistband, pulled out a semi-automatic pistol, and pointed it at his thigh. As Morrissey grabbed for Campbell's left hand, he heard the hammer of the pistol fall. Morrissey, who is a foot taller and 115 pounds heavier than Campbell, wrested control of the gun from her. He then inspected the gun and found that it was loaded with five live rounds of ammunition. The firing pin indicated that the trigger had been pulled, but there had been no round in the chamber at the time.

Based upon these facts, the probation officer recommended that the district court apply U.S.S.G. § 2K2.(b)(5), which provides for a four-point increase in offense level when a defendant convicted under § 922(g) "used or possessed any firearm or ammunition in connection with another felony offense." The probation officer reasoned that by pointing the gun at Morrissey and pulling the trigger, Campbell possessed the gun in connection with the felony offense of attempted aggravated battery with a firearm. *See* 720 ILCS 5/8-4, 5/12-4.2(a)(1), (b) (defining aggravated battery with a firearm as "knowingly or intentionally by means of the discharging of a firearm [] caus[ing] any injury to another person"); *People v. Jones*, 682 N.E.2d 441, 443 (Ill. App. Ct. 1997) (noting that Illinois recognizes the offense of attempted aggravated battery). Alternatively, the probation officer noted that by pulling the trigger of a loaded gun pointed in the direction of another person Campbell attempted to commit aggravated discharge of a firearm, also a felony offense. *See* 720 ILCS 5/8-4, 5/24-1.2(a)(2). The probation officer recommended an additional six-level increase because Campbell created a substantial risk of serious bodily injury to a law enforcement officer. *See* U.S.S.G. § 3A1.2(c)(1). The probation officer calculated a guidelines imprisonment range of 130 to 162 months, making the 10-year statutory maximum the guidelines sentence. *See* 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(a).

Campbell objected to the report on two grounds. First, she contended that the government failed to prove by a preponderance that she possessed the gun in connection with a felony offense. Second, Campbell asserted that it would be impermissible to impose two guidelines adjustments based on the same conduct—attempting to shoot Officer Morrissey. Campbell chose not to testify at the sentencing hearing and instead offered a police report documenting that during a post-arrest interview she had denied pointing the gun at Morrissey or pulling the trigger and had said she was only trying to "ditch the handgun" because she did not legally possess it. Counsel argued that, given the speed of the incident and the size disparity between Campbell and Morrissey, it was more likely that Morrissey caused the gun to fire during his effort to disarm her.

Officer Morrissey, however, did testify at sentencing and not only repeated the probation officer's account but also re-enacted the events for the court. Morrissey insisted that when Campbell grabbed the gun she was holding it with her finger through the trigger guard as if she "were going to fire it." He clarified that he heard the hammer of the gun fall while the gun was pointed at his leg. He also testified that he could not have pulled the trigger because he grabbed Campbell's hand below the trigger guard.

The district court believed Officer Morrissey and overruled both of Campbell's objections. After acknowledging that the application of both § 2K2.1(b)(5) and § 3A1.2(c)(1) turned on who caused the gun to fire, the district court determined that the evidence was "much more consistent" with a finding that Campbell intentionally pulled the trigger while pointing the gun at Morrissey's leg. The court reasoned that Campbell's explanation that she drew the gun to get rid of it, while being handcuffed by Morrissey, "doesn't pass the laugh test." The district court also held that the upward adjustments based on Campbell's use of the gun in an attempted aggravated battery and Morrissey's status as a law enforcement officer could both be applied without double-counting because they addressed different aspects of her conduct—the act of pulling the trigger and the identity of the victim.

On appeal Campbell argues that the district court clearly erred in finding that she pointed the gun at Officer Morrissey and pulled the trigger. We review findings of fact and credibility determinations for clear error, *United States v. Woods*, 233 F.3d 482, 484 (7th Cir. 2000), and defer to the district court's credibility determinations "unless the court credited testimony that was essentially unbelievable as a matter of law," *United States v. Smith*, 308 F.3d 726, 746 (7th Cir. 2002). There is no clear error in the district court's decision to credit the presentence investigation report and Officer Morrissey's sworn testimony over the unsworn, hearsay statement of the defendant. *See United States v. Torres-Ramirez*, 213 F.3d 978, 980-81 (7th Cir. 2000) ("When the sentence rests on testimony under oath . . . it is enough that the judge believe the

witness—unless the testimony is illogical or contradicted by documents or other physical evidence, making it clearly erroneous to accept the witness's version of events."); *United States v. Krankel*, 164 F.3d 1046, 1054-55 (7th Cir. 1998) (holding that "bald, unsupported assertions" by the defendant cannot refute presentence investigation report). Campbell directs us to no inconsistencies in the credited testimony; she argues only that Morrissey's version of events is improbable given their size disparity and the force with which Morrissey grabbed her hand. We see no reason to overturn the district court's findings of fact, made with the benefit of a re-enactment of the events and the opportunity actually to observe the size disparity between Morissey and Campbell.

Campbell also challenges the reasonableness of her prison sentence, arguing that the sentencing court should have exercised its discretion to impose a shorter term because of her mental health problems, particularly undiagnosed depression. Her sentence, capped by the statutory maximum, falls below the properly calculated guidelines range and is therefore presumed reasonable. *See United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("It is hard to conceive of below-range sentences that would be unreasonably high."); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court considered Campbell's mental health issues during sentencing and, pursuant to 18 U.S.C. § 3553(a)(2), selected the 120-term of imprisonment. We note, finally, that we have taken into account the fact that the Supreme Court has granted *certiorari* in *Rita v. United States,* 127 S.Ct. 551 (2006) (No. 06-5754), in order to decide whether a presumption of reasonableness is consistent with its *Booker* decision. In Campbell's case, however, the district court's attention to the § 3553(a) factors and our own review of the record satisfy us that the ultimate sentence was reasonable, even without the benefit of any such presumption.

Accordingly, the judgment of the district court is **AFFIRMED**.