No. 2--07--0360     Filed: 10-19-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--116 |
| ISRAEL ISUNZA, | ) ) | Honorable Philip L. DiMarzio, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

Following a bench trial, the defendant, Israel Isunza, was convicted of vehicular invasion (720 ILCS 5/12--11.1 (West 2006)) and aggravated battery (720 ILCS 5/12--4(a), (b)(8) (West 2006)) and was sentenced to a total of 13 years' imprisonment. On appeal, the defendant argues (1) he was not proven guilty beyond a reasonable doubt of vehicular invasion; (2) he was not proven guilty beyond a reasonable doubt of aggravated battery; and (3) alternatively, his conviction of aggravated battery must be vacated as a lesser included offense of vehicular invasion. We affirm in part and vacate in part.

On February 8, 2006, the defendant was charged with one count of vehicular invasion (720 ILCS 5/12--11.1 (West 2006)) and eight counts of aggravated battery (720 ILCS 5/12--4 (West 2006)). The charges alleged that on January 14, 2006, the defendant broke the car window of a

vehicle occupied by Mariezol Ybarra and Rolando Rodriguez. Both Ybarra and Rodriguez were injured because of the defendant's actions.

On October 2 and 3, 2006, the trial court conducted a bench trial on the charges against the defendant. The State presented the testimony of Ybarra, Rodriguez, and Elgin police officers Colin Fleury, William Wood, and Jon Rustay. The State also presented the stipulated testimony of Dr. Kenneth Malchionna. Their testimony was that on January 14, 2006, Ybarra and Rodriguez were stopped at the intersection of East Chicago Street and Villa Street in Elgin, waiting at a stoplight. Ybarra's car was on Villa, facing north. Ybarra was the driver of the vehicle and Rodriguez was the passenger. Ybarra's window was open about halfway and Rodriguez's window was closed. They were listening to dance music, moving around, and waving their hands in the air. As they waited at the light, they noticed two people get out of a car behind them and approach Ybarra's car. One of the men approached the driver's side of the vehicle. The other man, whom Ybarra later identified as the defendant, approached the passenger side of the car with what appeared to be a baseball bat and accused the two of throwing gang signs. He then struck the passenger side window three times with the bat and ran away. After the defendant ran away, Ybarra felt something on her head and realized that she had been punched by the second man, whom she later identified as Nicholas Brower. Ybarra indicated that she was punched twice in the head by Brower.

The defendant and Brower ran back to a silver Malibu and drove east on East Chicago Street. That vehicle was pursued by a police car, occupied by Officers Fleury, Wood, and Rustay. The officers subsequently apprehended both the defendant and Brower.

Ybarra followed the police car because she wanted to tell the officers what had happened. She came upon another squad car and talked to the officers. The police called an ambulance for

Rodriguez, who was injured. The police then brought out the defendant and Brower for Ybarra to view in a showup. She identified the defendant as the man who had wielded the bat and Brower as the man who had approached the driver's side of the car.

Rodriguez was transported to the hospital, where he received treatment for a cornea torn by a flying piece of glass. Rodriguez had surgery on his right eye, and by the time of trial, his vision had been restored to 20/25(-1).

At the close of the trial, the trial court found, on the basis of accountability, the defendant guilty of vehicular invasion and aggravated battery against Ybarra. The trial court further found the defendant guilty of aggravated battery against Rodriguez. Following a sentencing hearing, the trial court sentenced the defendant to (1) eight years' imprisonment for the vehicular-invasion conviction; (2) five years' imprisonment for the aggravated battery against Ybarra; and (3) five years' imprisonment for the aggravated battery against Rodriguez. The trial court ordered that the two sentences for aggravated battery run concurrently to each other and consecutively to the sentence for vehicular invasion. Following the denial of his motion to reconsider sentence, the defendant filed a timely notice of appeal.

The defendant's first contention on appeal is that he was not proven guilty beyond a reasonable doubt of vehicular invasion. Specifically, the defendant argues that there was no evidence that Brower, for whose conduct the defendant was found accountable, entered Ybarra's car by force, which was an essential element of the offense of vehicular invasion.

It is not the province of this court to retry the defendant. People v. Collins, 106 Ill. 2d 237, 261 (1985). The relevant question is " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.' " (Emphasis in original.) Collins, 106 Ill. 2d at 261, quoting Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). The sufficiency of the evidence and the relative weight and credibility to be given the testimony of the witnesses are considerations within the exclusive jurisdiction of the fact finder. People v. Smeathers, 297 Ill. App. 3d 711, 717 (1998). The evaluation of the testimony and the resolution of any conflicts or inconsistencies that may appear are also wholly within the province of the finder of fact. Collins, 106 Ill. 2d at 261-62.

A person commits vehicular invasion when he knowingly, by force and without lawful justification, enters or reaches into the interior of a motor vehicle while the motor vehicle is occupied by another person or persons, with the intent to commit a theft or felony therein. 720 ILCS 5/12--11.1(a) (West 2006). The only element that is at issue is whether Brower used force to reach into Ybarra's vehicle. The defendant argues that since Ybarra's car window was open, no force was necessary for Brower to reach into it. Since no force was used, the defendant insists, he could not be guilty of vehicular invasion. The State responds that "force" is synonymous with "violence." Because Brower violently reached into the vehicle to punch Ybarra twice in the head, the State maintains that the evidence was sufficient to convict the defendant of vehicular invasion.

The defendant's first argument is essentially one of how the vehicular-invasion statute should be interpreted. The principles governing statutory interpretation are well settled. The fundamental principle of statutory construction is to ascertain and give effect to the intent of the legislature. Lieb v. Judges' Retirement System, 314 Ill. App. 3d 87, 92 (2000). If the language of the statute is unambiguous, the court must enforce the law as written, without considering extrinsic aids. County of Du Page v. Graham, Anderson, Probst & White, Inc., 109 Ill. 2d 143, 151 (1985). A court should

not construe a statute in a manner that would lead to consequences that are absurd, inconvenient, or unjust. McMahan v. Industrial Comm'n, 183 Ill. 2d 499, 513-14 (1998). Further, a court should avoid an interpretation of a statute that would render any portion of it meaningless or void. Paciga v. Property Tax Appeal Board, 322 Ill. App. 3d 157, 161 (2001).

The term "force" is not defined by the vehicular-invasion statute. However, section 12--12 of the Criminal Code of 1961 (720 ILCS 5/12--12 (West 2006)), which pertains to sexual-assault offenses, defines force as "the use of force or violence." This is consistent with the definition provided in Black's Law Dictionary, defining force as "[p]ower, violence, compulsion, or constraint exerted upon or against a person or thing." Black's Law Dictionary 644 (6th ed. 1990). Force is additionally defined as "[p]ower dynamically considered, that is, in motion or in action; constraining power, compulsion; strength directed to an end." Black's Law Dictionary 644 (6th ed. 1990).

Based upon the above definition of force, we believe that there was sufficient evidence to establish that Brower used force to reach into Ybarra's vehicle. The circumstantial evidence indicates that Brower punched Ybarra twice in the head while she was sitting in her car. It can reasonably be inferred that Brower did so while he was standing outside her car. Brower's actions indicate that, in reaching into the vehicle, he used his strength directed to a specific end, that being to punch Ybarra in the head. In other terms, Brower used force to reach into the car and commit an aggravated battery against Ybarra. Thus, as the evidence was sufficient to establish that Brower committed a vehicular invasion, the defendant could be found guilty of the same conduct on the basis of accountability. See In re Matthew M., 335 Ill. App. 3d 276, 283 (2002) (to prove a defendant guilty on an accountability basis, the State is required to show that the defendant, with the requisite intent, aided or abetted his companions prior to or during the commission of the crime).

The defendant insists that since Ybarra's window was open, Brower did not use any force to enter her vehicle and thus he could not be guilty of vehicular invasion. The defendant also points to People v. Anderson, 272 Ill. App. 3d 537, 540 (1995), wherein the reviewing court explained that the vehicular-invasion statute was intended by the legislature to deter "smash and grab"-type incidents. Since Ybarra's window was open, Brower did not have to "smash" anything in order to touch her.

We do not find the fact that Ybarra's car window was open dispositive of whether Brower used force to reach into the vehicle. See People v. Jones, 289 Ill. App. 3d 1, 3-5 (1997) (defendant guilty of vehicular invasion where he lunged with a knife through an open van window). Furthermore, based on the plain language of the statute, there is no requirement that there be a "smash" in order for there to be a vehicular invasion. Rather, as explained above, Brower's act of punching Ybarra while he was standing outside her vehicle and she was sitting inside her car satisfied the element of using force to reach into a vehicle.

We additionally find unpersuasive the defendant's reliance on Illinois's former burglary statute, which made distinctions between entries made with force and without force. See Ill. Rev. Stat. 1945, ch. 38, par. 84; see also People v. Mendelson, 264 Ill. 453, 454 (1914) (explaining that the defendant was charged with the burglarious entry of a building without force, since the doors and windows of the building were open). Here, as we have determined that, under the current vehicular-invasion statute, Brower used force to reach into Ybarra's vehicle, we need not determine whether the same result would have been reached under a different criminal statute, which has since been repealed.

The defendant's second contention on appeal is that he was not proven guilty beyond a reasonable doubt of the aggravated battery of Rodriguez. The defendant argues that there was no

proof that he was "practically certain" that his striking the car window would result in a piece of glass flying into Rodriguez's eye. The defendant contends that the circumstances of the attack reflect that he wanted only to damage the car window, not to injure the occupants of the car. Indeed, had he wanted to injure Rodriguez, the defendant argues, he could have done so after the window glass fell out. Instead, he ran away.

A person commits aggravated battery when, in committing a battery, he intentionally or knowingly causes great bodily harm or permanent disability or disfigurement. 720 ILCS 5/12--4(a) (West 2006). In other terms, under the aggravated-battery statute, a defendant, to act knowingly, must be consciously aware that his conduct is practically certain to cause great bodily harm. People v. Psichalinos, 229 Ill. App. 3d 1058, 1067 (1992). It is not necessary that the State prove that the defendant intended the specific consequence that occurred. See People v. Hickman, 9 Ill. App. 3d 39, 44 (1973). Rather, where someone in the commission of a wrongful act commits another wrong not intended, or where in the execution of an intent to do wrong an unintended act resulting in a wrong ensues as a natural and probable consequence, the one acting with a wrongful intent is responsible for the unintended wrong. Psichalinos, 229 Ill. App. 3d at 1067; Hickman, 9 Ill. App. 3d at 44.

Here, the defendant acted knowingly when he swung a baseball bat three times at the passenger-side window of Ybarra's car. The defendant acknowledges this fact in asserting that he wanted only to damage the car window. See 720 ILCS 5/21--1(a) (West 2006) (mental state for criminal damage to another's property is "knowing"). We further note that Rodriguez was sitting on the passenger side of the car, his face only a short distance from the window. It was not unreasonable for the trial court to have concluded that the defendant was consciously aware that his conduct was practically certain to cause a particular result, that being great bodily harm to Rodriguez. Even if the

defendant did not intend for glass to fly into one of Rodriguez's eyes, Rodriguez's injury was a natural and probable consequence of the defendant's actions. See Hickman, 9 Ill. App. 3d at 44. That the defendant did not strike Rodriguez again after smashing the window has no bearing on the fact that he had already committed an aggravated battery against Rodriguez. Accordingly, the evidence, considered in the light most favorable to the State (see Collins, 106 Ill. 2d at 261), was sufficient to establish that the defendant committed aggravated battery.

The defendant's third contention on appeal is that his conviction of the aggravated battery of Ybarra should be vacated as a lesser included offense of his conviction of the vehicular invasion. The defendant argues that, because the vehicular-invasion charge was predicated on aggravated battery to Ybarra, aggravated battery was a lesser included offense of vehicular invasion and thus cannot form the basis for a separate conviction.

The one-act, one-crime doctrine, articulated in People v. King, 66 Ill. 2d 551, 566 (1977), provides that multiple convictions are improper where (1) only one physical act was manifested, or (2) multiple acts were manifested, but some of the convictions are of included offenses. In King, the supreme court held:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts." King, 66 Ill. 2d at 556.

The rule articulated in King requires a two-part analysis. A court must first determine whether a defendant's conduct consisted of separate acts or a single physical act. People v.

Rodriguez, 169 Ill. 2d 183, 186 (1996). An "act" is " 'any overt or outward manifestation which will support a different offense.' " Rodriguez, 169 Ill. 2d at 188, quoting King, 66 Ill. 2d at 566. If only one physical act was undertaken, multiple convictions are improper. If separate acts were undertaken, a court must then ask whether any of the offenses are included offenses. If so, multiple convictions are improper. Rodriguez, 169 Ill. 2d at 186.

The defendant focuses his argument on the second prong of the King analysis, that being whether aggravated battery was a lesser included offense of vehicular invasion. We need not address that issue, however, because it is apparent that the defendant's multiple convictions arose from a single act and therefore do not survive the first prong of the King analysis. Here, Brower extended his arm through Ybarra's car window and struck Ybarra in the head. From this one action, on the basis of accountability, the defendant was convicted of vehicular invasion (due to Brower's reaching into the vehicle) and aggravated battery (due to Brower's striking Ybarra in the head). As Brower's one action led to two convictions, the defendant's conviction of the lesser offense, aggravated battery, must be vacated.

In so ruling, we reject the State's argument that Brower's conduct of crossing the plane of Ybarra's car window and then striking her in the head constituted two separate acts. The record clearly indicates that Brower committed one distinct act--thrusting his arm through Ybarra's car window and into Ybarra's head--that resulted in the multiple convictions. We further find the State's reliance on People v. Marston, 353 Ill. App. 3d 513, 519 (2004), People v. Stokes, 281 Ill. App. 3d 972, 981 (1996), and People v. Tate, 106 Ill. App. 3d 774, 777-79 (1982), to be misplaced as each of those cases involved the defendant committing at least two distinct acts.

Finally, we reject the State's argument that we may affirm the defendant's conviction of the aggravated battery of Ybarra because he was convicted of two counts of that crime but is only

appealing one of them. The record reveals that the State charged the defendant with five counts of aggravated battery against Ybarra and that the defendant was ultimately convicted of two of those counts (counts VI and VII). The trial court, however, merged count VII into count VI. Therefore, as the defendant was convicted of only one count of aggravated battery against Ybarra--count VI-- there was no basis, or need, for him to appeal the trial court's ruling as to count VII. Cf. People v. Lee, 379 Ill. App. 3d 533, 538 (2008) (defendant's multiple convictions of unlawful use of a weapon by a felon were merged into one conviction).

For the foregoing reasons, the defendant's convictions of the vehicular invasion of Ybarra and the aggravated battery of Rodriguez are affirmed; the defendant's conviction of the aggravated battery of Ybarra is vacated.

Affirmed in part and vacated in part.

ZENOFF, P.J., and McLAREN, J., concur.