# Illinois Official Reports

## Appellate Court

---

### *In re Thomas T.*, 2016 IL App (1st) 161501

---

| | |
|---|---|
| Appellate Court Caption | *In re* THOMAS T., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Thomas T., Respondent-Appellant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-1501 |
| Filed | September 23, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-JD-597; the Hon. Stuart P. Katz, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |
| Counsel on Appeal | Michael J. Pelletier and Heidi Linn Lambros, both of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney (Alan J. Spellberg, Joseph Alexander, and Andrea N. Williams, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE ROCHFORD delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion. |

¶ 1 Following a bench trial, the Cook County circuit court adjudicated respondent, Thomas T., a delinquent minor, pursuant to the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2012)) on the grounds that he committed the offenses of vehicular invasion, burglary, and theft, and committed respondent to the Illinois Department of Juvenile Justice to an indeterminate term not to exceed his twenty-first birthday or 15 years, whichever came first. Respondent challenges only the finding of delinquency as to the vehicular invasion offense on the ground that the evidence did not establish that he entered the vehicle "by force." We agree with respondent and reverse the finding of delinquency as to the vehicular invasion offense only and remand this matter for a new dispositional hearing.

¶ 2 On March 11, 2016, the State filed a petition for adjudication of wardship that alleged that respondent, on March 7, 2016, had committed the offenses of vehicular invasion, in violation of section 18-6(a) of the Criminal Code of 2012 (720 ILCS 5/18-6(a) (West 2012)); burglary, in violation of section 19-1(a) of the Criminal Code of 2012 (720 ILCS 5/19-1(a) (West 2012)); and theft, in violation of section 16-1(a)(1) of the Criminal Code of 2012 (720 ILCS 5/16-1(a)(1) (West 2012)). The petition asserted that respondent, "by force," reached into the interior of a 2014 Toyota Prius occupied by Chad Smalls, with the intent to commit a theft, and obtained currency belonging to Mr. Smalls.

¶ 3 At trial, Chad Smalls, a taxi driver, testified that on March 7, 2016, at approximately 2 p.m., he was sitting in his taxi, a Toyota Prius, at a stoplight located at 46 West Wacker Drive in Chicago. The doors of the taxi were not locked. Mr. Smalls's pouch, which held his money and daily taxi receipts, was on the front passenger's seat. Respondent approached the taxi on the front passenger's side, placed a flyer on the window of the passenger's side door, and pressed his face against the window. Respondent's face was not covered, and nothing obstructed Mr. Smalls's view of respondent.

¶ 4 Mr. Smalls told respondent to get away from the window, and respondent moved toward the rear of the taxi. At that point, a second person approached the driver's side door of the taxi. As Mr. Smalls was looking at the second person standing at the driver's side door, he heard the front passenger's side door open. He immediately looked toward the front passenger's side door and saw respondent had opened the door and was removing the pouch from the passenger's seat. Respondent then closed the taxi door and fled with the pouch. The second person also fled. Mr. Smalls turned from Wacker Drive and parked his taxi on Dearborn Street. He exited his taxi and chased respondent down a flight of stairs west of the Chicago River. When he was unable to catch respondent, Mr. Smalls dialed 911 and reported the incident. When the police arrived, Mr. Smalls toured the nearby area with the police, but they were unable to locate respondent.

¶ 5 On March 10, 2016, at approximately 12:40 p.m., Mr. Smalls was driving his taxi on Michigan Avenue in the vicinity of Madison Street in Chicago, when he observed two young men crossing the intersection; one of the young men was carrying flyers. When police officers stopped the young men, Mr. Smalls was able to fully observe them. He immediately recognized respondent as one of the two men. Mr. Smalls informed the police that respondent was involved in the incident on March 7, 2016, and respondent was placed under arrest.

¶ 6 Officer Upchurch testified that on March 10, 2016, at 12:40 p.m., at the intersection of Michigan Avenue and Madison Street, he stopped respondent and another individual for a field

interview. While speaking with respondent, Mr. Smalls approached the squad car and spoke with the officer's partner. Respondent was then placed under arrest.

¶ 7    Respondent testified that on March 7, 2016, he was not in the downtown Chicago area and did not take a pouch from a taxi.

¶ 8    The trial court found respondent had committed the offenses of vehicular invasion, burglary, and theft. The court committed respondent to the Illinois Department of Juvenile Justice to an indeterminate term not to exceed his twenty-first birthday, or 15 years, whichever came first. In sentencing respondent, the trial court found that he had an extensive criminal background, had been charged in three criminal cases while on electronic monitoring in this case, and had refused services and to attend school. Respondent now appeals.

¶ 9    On appeal, respondent argues that his adjudication of delinquency for committing the offense of vehicular invasion was not supported by the evidence because it was not shown that he entered the taxi by "force." The State responds that the evidence, when viewed most favorably to the State, was sufficient to prove respondent guilty beyond a reasonable doubt.

¶ 10    When reviewing a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis omitted.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A reviewing court may not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses (*People v. Siguenza-Brito*, 235 Ill. 2d 213, 224-25 (2009)) and will not set aside a criminal conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of a defendant's guilt. *Collins*, 106 Ill. 2d at 261.

¶ 11    The vehicular invasion statute requires the State to show a respondent "knowingly, by force and without lawful justification, enter[ed] or reache[d] into the interior of a motor vehicle while the motor vehicle [was] occupied by another person or persons, with the intent to commit therein a theft or felony." 720 ILCS 5/18-6(a) (West 2012). The statute does not define "force."

¶ 12    Respondent's challenge to the sufficiency of the evidence requires this court to construe the meaning of the term "force" in the vehicular invasion statute. Where there are undefined terms in a statute, the "well-settled principle of statutory interpretation" requires us to give those terms "their ordinary and popularly understood meanings." *People v. Ward*, 215 Ill. 2d 317, 325 (2005). Further, "[w]hen the statute contains undefined terms, it is entirely appropriate to employ a dictionary to ascertain the plain and ordinary meaning of those terms." *People v Davison*, 233 Ill. 2d 30, 40 (2009). Our overall guiding rule for statutory construction "is to ascertain and give effect to the legislature's intent." *Id.* Our review is *de novo*. *Id.*

¶ 13    Both respondent and the State have cited *People v. Isunza*, 396 Ill. App. 3d 127 (2009), in support of their positions, and we find the case instructive.

¶ 14    In that case, the defendant and Nicholas Brower approached a vehicle, and Mr. Brower reached into the open window and twice punched the driver in the head. *Id.* at 129. The defendant was convicted of aggravated battery and vehicular invasion against the driver on the basis of accountability. *Id.* The defendant challenged his conviction for vehicular invasion by arguing that the evidence did not show that Mr. Brower, for whose conduct the defendant was found accountable, entered the vehicle with force, as the window was open. *Id.* at 129-30. The

appellate court affirmed the conviction after construing the meaning of the term "force" in the statute. In its interpretation of force, the court stated as follows:

"The term 'force' is not defined by the vehicular-invasion statute. However, section 12-12 of the Criminal Code of 1961 (720 ILCS 5/12-12 (West 2006)), which pertains to sexual-assault offenses, defines force as 'the use of force or violence.' This is consistent with the definition provided in Black's Law Dictionary, defining force as '[p]ower, violence, compulsion, or constraint exerted upon or against a person or thing.' Black's Law Dictionary 644 (6th ed. 1990)." *Isunza*, 396 Ill. App. 3d at 130-31.

¶ 15 The court then found based on the evidence that "Brower's actions indicate that, in reaching into the vehicle, he used his strength directed to a specific end, that being to punch [the driver] in the head." *Id.* at 131; see also *People v. Reese*, 2015 IL App (1st) 120654, ¶ 86, *appeal allowed*, No. 120011 (Ill. Mar. 30, 2006) (where court, relying on holding in *Isunza*, found the force element of vehicular invasion statute was met when defendant engaged in a struggle with occupant of bus after his entry through an open door). In reaching its conclusion that the evidence was sufficient to sustain the conviction, the *Isunza* court cited our decision in *People v. Jones*, 289 Ill. App. 3d 1 (1997). In *Jones* we affirmed the defendant's conviction for vehicular invasion where he thrust a knife through an open car window at the occupant, who avoided injury. *Id.* at 3.

¶ 16 The court in *Isunza*, however, found the fact that the window of the vehicle was open was not dispositive of whether Mr. Brower used force to reach into the vehicle. *Isunza*, 396 Ill. App. 3d at 131. The court also rejected the defendant's argument that Mr. Brower's reaching into the vehicle's open window did not fall within the vehicular invasion statute because the legislative intent in enacting the statute was to deter crimes related to "smash and grab." *Id.* at 133. The court explained that the vehicular invasion statute did not include an express requirement that a "smash" of the vehicle occur. *Id.* Instead, the force element in *Isunza* was satisfied by Mr. Brower's act of punching the victim who was inside the vehicle. *Id.*

¶ 17 Similarly, we find the facts that the door was unlocked when respondent entered the taxi and that respondent did not physically damage the taxi are not dispositive here regarding whether respondent used force when reaching into the taxi. Further, we recognize that respondent did exert some authority over the taxi in order to open its unlocked door. However, respondent's authority was exercised without a showing of strength, power, or violence and without a threat to do so. Respondent did not seek to injure or physically struggle with Mr. Smalls as did the defendants in *Isunza*, *Reese*, and *Jones*. In opening the unlocked taxi door, respondent did not exercise constraint or compulsion over Mr. Smalls or his taxi. Therefore, we find the State did not meet its burden of showing that force was used by respondent in his entry into the taxi.

¶ 18 The State cites *State v. Harris*, No. 90699, 2008 WL 4885049 (Ohio Ct. App. Nov. 13, 2008), and *State v. Lane*, 361 N.E.2d 535 (Ohio Ct. App. 1976), and argues that respondent's act of opening the unlocked door of the taxi was an act of force. We find the cases have no relevance.

¶ 19 Both cases relate to the Ohio aggravated burglary statute (see *Harris*, 2008 WL 4885049, at *3; *Lane*, 361 N.E.2d 535), which includes an element that a defendant commits a trespass "by force, stealth or deception." (Internal quotation marks omitted.) *Harris*, 2008 WL 4885049, at *3. Force is expressly defined by Ohio statute as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." (Internal

quotation marks omitted.) *Id.* at \*4. Based on this statutory definition, which does not provide for any measure of physical exertion that might constitute force (*State v. Austin*, No. 20445, 2005 WL 567305, at \*2 (Ohio Ct. App. Mar. 11, 2005)), Ohio courts have long recognized that " 'the force element of an aggravated burglary charge can be accomplished through the opening of a closed but unlocked door.' " *Harris*, 2008 WL 4885049, at \*4 (quoting *Austin*, 2005 WL 567305, at \*2).

¶ 20 The relevant statute here is not aggravated burglary but vehicular invasion. Additionally, in this state, there is no statutory or well-established common law that defines force as found in the vehicular invasion statute to include any measure of physical exertion by any means against a thing. The Ohio cases are not persuasive. We reject the State's contention that the mere act of opening an unlocked door, without more, constitutes force as contemplated by the vehicular invasion statute.

¶ 21 The State also argues that, because respondent was found to have committed burglary, a "forcible felony" (720 ILCS 5/2-8 (West 2012)), and does not challenge that finding, the force element of the vehicular invasion statute has been met. The State maintains that the offenses of burglary and vehicular invasion have similar elements and the "only essential difference between the vehicular invasion statute and the burglary statute is that the vehicle be occupied." We disagree with the State.

¶ 22 The burglary statute provides that "[a] person commits burglary when without authority he or she knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any part thereof, with intent to commit therein a felony or theft." 720 ILCS 5/19-1(a) (West 2012). The burglary statute does not include the term "force," and therefore, the burglary charge did not require the State to establish respondent's entry into the taxi was done by force. In contrast, the vehicular invasion statute required both that respondent's entry into the taxi be done without lawful justification and by the use of force. 720 ILCS 5/18-6(a) (West 2012). The fact that respondent was found to have committed burglary does not establish that he used force when entering the taxi.

¶ 23 For the above reasons, we reverse only the finding of the trial court that respondent was delinquent on the ground that he committed the offense of vehicular invasion, affirm the findings that he was delinquent on the grounds that he committed the offenses of burglary and theft, and remand this matter for a new dispositional hearing.

¶ 24 Affirmed in part and reversed in part; cause remanded.