THIRD DIVISION
FEBRUARY 20, 2008

No. 1-07-0335

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 2633 |
| | ) | |
| ANDY LEE, | ) | The Honorable |
| | ) | Catherine M. |
| | ) | Haberkorn, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, defendant, Andy Lee, was convicted of two counts of unlawful use of a weapon by a felon and sentenced to concurrent terms of 12 years' imprisonment for each count. On appeal, defendant contends that: (1) the trial court erred in admitting evidence of his prior felony conviction after he refused to stipulate to that conviction; (2) his multiple convictions for unlawful use of a weapon by a felon should be merged based upon the law applicable at the time of his offense; (3) his sentence was excessive in light of mitigating factors; and (4) the trial court erroneously assessed him the Violent Crime Victims Assistance Fund fine.

The evidence adduced at trial demonstrated that, on January 11, 2005, officers executed a search warrant in defendant's apartment and recovered a loaded rifle. Prior to entering the apartment, the officers asked defendant if he had anything illegal in his possession and defendant responded that he had a rifle in his bedroom. Defendant then gave the officers his apartment keys and led them to his bedroom, where they found the loaded rifle behind a couch. Defendant was subsequently arrested and charged with, *inter alia*, two counts of unlawful use of a weapon

1-07-0335

by a felon based upon a prior Wisconsin conviction, one for the rifle and one for the ammunition.[1]

Two days before the trial took place, defense counsel informed the court that "preliminary matters" required the court's attention, specifically noting her concern that defendant was "not appreciating the consequences and the seriousness of what he [was] facing." Defense counsel further informed the court that defendant refused to engage in a meaningful discussion regarding a plea offer made by the State. As a result, the trial court explained the charges and the potential sentencing range to defendant and told him that the State offered to recommend the minimum term of imprisonment in exchange for his plea of guilty. Defendant refused the offer.

Defense counsel then further informed the court that defendant believed his double jeopardy rights were being violated because he had already served time on his prior felony. In response, the court explained that defendant's prior felony was an element of his pending charges; therefore, the jury would hear evidence of the prior felony, namely, criminal sexual assault of a child. The State subsequently offered to stipulate to the fact that defendant was a prior felon in order to bar the jury from hearing the actual conviction. The court further explained the meaning of a stipulation to defendant. However, over defense counsel's objection,

---

[1]Defendant was initially charged with two counts of aggravated unlawful use of a weapon and four counts of unlawful use of a weapon by a felon. However, prior to trial, the court granted defendant's motion to suppress another firearm recovered from his garage and the State entered a nolle prosequi on all counts except for two counts of unlawful use of a weapon by a felon. The case proceeded to trial on those remaining counts.

defendant refused to stipulate to his conviction. Moreover, over defense counsel's objection, the trial court agreed to provide the jury with a certified copy of defendant's prior conviction.

On the day of trial, the court reiterated defendant's right to stipulate to his prior felony conviction; however, defendant again refused. Defense counsel then argued that determining whether to stipulate was a matter of trial strategy and therefore within the power of counsel. Consequently, over defendant's refusal, defense counsel agreed to stipulate to defendant's prior felony conviction. The court denied the stipulation on the basis that a defendant must agree with the fact of stipulation, and, in the case at bar, defendant did not.

At trial, Officer Rafael Magallon testified that he and several other member of the special operations section of the Chicago police department were conducting surveillance on the day in question in relation to a search warrant. The search warrant named defendant, the address of 1319 N. Pulaski, Chicago, Illinois, and the following items: cannabis; money; drug transaction records; and documentation proving residency. Around 9 a.m., Magallon saw defendant, whom he recognized from a picture, exit the rear porch of the residence. While a number of the surveillance team partners detained defendant, Magallon confirmed defendant's name and address through his expired driver's license. Defendant then accompanied the officers to his apartment and told Magallon that he had a rifle in his bedroom. The officers unlocked the apartment door with defendant's keys and proceeded to search defendant's basement bedroom. No drug evidence was recovered during the search; however, behind the couch, the officers recovered a .22-caliber rifle loaded with 10 rounds of ammunition.

On cross-examination, Magallon admitted that no mail, clothing or other belongings

indicating that defendant lived in the apartment were recovered during the search. However, on redirect examination, Magallon testified that there were articles of male clothing scattered in the bedroom.

Sergeant Charles Glynn supervised the execution of the warrant and testified that he spoke with defendant on the day in question after he arrived at the police station. After receiving his Miranda rights, defendant stated that he initially found the rifle in the basement apartment when he moved in and then kept it thereafter.

The State entered the certified copy of defendant's prior Wisconsin felony conviction into evidence.

The defense rested after entering three photographs of the residence at 1319 N. Pulaski into evidence.

The jury ultimately found defendant guilty of two counts of unlawful use of a weapon by a felon, one for the rifle and one for the ammunition. Thereafter, the trial court denied defendant's motion for a new trial.

At the subsequent sentencing hearing, in aggravation, the State argued that defendant should be sentenced to the maximum within the applicable range based upon his flagrant violation of the law and his prior conviction for which he served seven years in a Wisconsin prison. In mitigation, defense counsel argued that defendant was a 64-year-old man who received social security disability payments and deserved the minimum sentence. Defense counsel noted that the central purpose for the warrant was to retrieve drug evidence and none was found in defendant's apartment. Moreover, defendant lacked a criminal history where his sole

conviction was for the Wisconsin felony. In allocution, defendant refused to take responsibility for his actions; rather, he averred that there was no evidence that he lived in the apartment or that the rifle was his.

The trial court ultimately sentenced defendant to two concurrent terms of 12 years' imprisonment, one for each count. In its findings, the court announced that it was limited in basing defendant's sentence on mitigating factors because defendant refused to speak candidly to the investigators in order to compose a thorough presentence investigation report. The trial court denied defendant's subsequent motion to reconsider his sentence. This timely appeal followed.

Defendant first contends that the trial court erred in admonishing him regarding the consequences of his refusal to stipulate to his prior felony conviction and subsequently erred in admitting evidence of the prior felony conviction despite defense counsel's desire to stipulate to that fact. The State responds that the trial court did not err in its admonishment or, in the alternative, that defendant has waived review of this argument. The State additionally argues that the trial court could not accept defense counsel's offer to stipulate when defendant refused to agree to that stipulation.

At the outset, we conclude that defendant failed to support his argument that the trial court erred in admonishing him. The only legal citation offered provides the parameters for when a court need not admonish a defendant prior to accepting a stipulation. People v. Phillips, 217 Ill. 2d 270, 288 (2005). However, defendant provides no legal support demonstrating that a trial court actually commits error when it does admonish a defendant regarding his stipulation rights. *Cf.* Phillips, 217 Ill. 2d at 283 (error occurs where the defendant is not admonished and

the subsequent stipulation is tantamount to a guilty plea).

Assuming, *arguendo*, that admonishing a defendant when it is not required amounts to error, we agree with the State that defense counsel essentially invited the error when it asked the court to assist in addressing "preliminary matters."  See People v. Parker, 223 Ill. 2d 494, 508 (2006) (a defendant may not request to proceed in one way at trial and then argue on appeal that it was error to proceed that way).  The record demonstrates that defense counsel made the court privy to her concerns regarding whether defendant appreciated the seriousness of the charges against him and then asked the court to address defendant's belief that his rights against double jeopardy were being violated.  Only then did the court explain the basis of the crime for which he was charged, specifically announcing that his prior felony conviction was an element therein. Thereafter, defense counsel and defendant repeatedly engaged the trial court in a dialogue regarding the proposed stipulation.  The court attempted to ensure that defendant understood the concept of a stipulation, especially after defense counsel and defendant's difference of opinion was readily apparent.  Moreover, contrary to defendant's recitation of the proceedings, defense counsel never objected to the court's admonishment; rather, defense counsel objected to defendant's refusal to agree to the stipulation.  Further, the record demonstrates that defense counsel encouraged the admonishment by saying that "[defendant] needs to acknowledge whether or not he wants to stipulate *** or he wants the [S]tate to have the certified copy [submitted]."  Accordingly, we find that the trial court did not err in admonishing defendant regarding the proposed stipulation.

We are not persuaded by defendant's next argument that the trial court erred in failing to

accept defense counsel's offer to stipulate over defendant's dissent. The law clearly states that a defense counsel may not stipulate to evidence if a defendant objects to the stipulation. In Phillips, our supreme court reaffirmed its prior holding announced in People v. Campbell, 208 Ill. 2d 203 (2003), which clarified when a defense attorney could enter into a stipulation and when a defendant was required to personally waive his right to confrontation. Phillips, 217 Ill. 2d at 283. Specifically, the supreme court stated that " '[w]e agree that defense counsel may waive a defendant's right of confrontation *as long as the defendant does not object* and the decision to stipulate is a matter of trial tactics and strategy.' " (Emphasis added.) Phillips, 217 Ill. 2d at 283, quoting Campbell, 208 Ill. 2d at 217. In determining that the Campbell criteria had been met, the Phillips court specifically noted that the defendant was present when the State repeatedly referred to the stipulation at issue and also when defense counsel announced that he had no objection to the stipulated evidence, yet the defendant never objected. Phillips, 217 Ill. 2d at 286-87. Conversely, in the case at bar, there is no dispute that defendant repeatedly objected to the proposed stipulation. Moreover, we need not engage in a balancing test as to whether admission of defendant's record of conviction was more prejudicial than probative because defendant did not agree to stipulate to his prior conviction. See People v. Walker, 211 Ill. 2d 317, 338 (2004) ("the trial court should require the prosecution to meet its evidentiary obligation of proving felony status by using [a] *** stipulation *if one is offered by the defendant*" because the probative value of the record of conviction is outweighed by the potential for unfair prejudice (emphasis added)); see also People v. Lindsey, 324 Ill. App. 3d 193, 199 (2001). Accordingly, we find that the trial court did not err in refusing to accept defense counsel's stipulation over

1-07-0335

defendant's dissent.

Defendant next contends, and the State concedes, that defendant's multiple convictions for unlawful use of a weapon by a felon should be merged into one conviction. At the time of his offense, defendant's two convictions for unlawful use of a weapon based on the firearm and the ammunition constituted a single offense. People v. Carter, 213 Ill. 2d 295, 300-04 (2004); People v. Tolliver, 363 Ill. App. 3d 94, 97 (2006).[2] Consequently, pursuant to our authority under Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)), we vacate defendant's conviction and sentence for unlawful use of a weapon by a felon under count IV of the indictment and direct the circuit clerk to amend defendant's mittimus accordingly. See People v. McCray, 273 Ill. App. 3d 396, 403 (1995).

Defendant additionally contends that his sentence is excessive in light of mitigating factors.

A trial court's sentence may not be disturbed absent an abuse of discretion. People v. Perruquet, 68 Ill. 2d 149, 154 (1977). According to the Illinois Constitution, a sentence must be balanced between the seriousness of the offense at issue and the potential for the defendant's rehabilitation. See Ill. Const. 1970, art. I, §11. The trial court is considered the best place to make such a determination; therefore, a trial court's sentence is entitled to great deference and

---

[2]Section 24-1.1 of the Criminal Code of 1961 (Code) was later amended by Public Act 94-284 (Pub. Act. 94-284, eff. July 21, 2005), such that possession of any firearm or firearm ammunition constitutes a single and separate violation of the statute. 720 ILCS 5/24-1.1(e) (West 2006).

weight. Perruquet, 68 Ill. 2d at 154. Further, the trial court has the opportunity to weigh factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits and age. People v. Stacey, 193 Ill. 2d 203, 209 (2000). As a result, a reviewing court may not substitute its judgment for that of the trial court simply because it would have weighed those factors differently. Stacey, 193 Ill. 2d at 209. Moreover, a sentence within the statutory limits will not be considered excessive unless it greatly varies with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. Stacey, 193 Ill. 2d at 210.

Defendant was convicted under section 24-1.1 of the Code and was eligible for a sentence ranging between 3 and 14 years because his conviction was a Class 2 felony based upon the fact that his Wisconsin conviction was considered a forcible felony. 720 ILCS 5/24-1.1(e) (West 2004). Accordingly, defendant's 12-year term of imprisonment was within the statutory limits.

Furthermore, review of the record demonstrates that the trial court considered both mitigating and aggravating factors before fashioning its sentence. *Cf.* People v. Juarez, 278 Ill. App. 3d 286, 294-95 (1996) (the defendant's sentence was found excessive where the trial court failed to specify on the record, in violation of the Code, the factors influencing the sentence for the defendant's violent crime and did not take into account the defendant's rehabilitation potential). Although defendant lacked an extensive criminal record, at the time of the offense, he was a 63-year-old felon who kept a loaded rifle in his home. Little information was garnered from his presentence investigation report because defendant initially refused to provide answers and then eventually provided only terse responses to the questions posed by the investigator. The

information that the trial court noted was that defendant revealed no past or present familial stressors, psychiatric problems or drug addictions. The court further provided defendant an opportunity to enlighten it as to his background; however, defendant refused. Instead, defendant continued to plead his innocence. While we recognize that defendant's sentence was merely two years below the maximum allowed, the trial court had the opportunity to observe defendant's credibility, demeanor, general moral character, mentality, social environment, habits and age, and we will not disturb the sentence simply because we may have weighed those factors differently. Stacey, 193 Ill. 2d at 209. Consequently, keeping in mind the great deference afforded to the trial court, we find that the court did not abuse its discretion in sentencing defendant.

We are not persuaded by defendant's argument that the trial court improperly enhanced his sentence by considering his prior felony as a factor in aggravation. As we previously discussed, defendant's sentence was within the permissible range and therefore was not enhanced. *Cf.* 730 ILCS 5/5-8-2 (West 2004) (extended-term sentencing statute). Moreover, contrary to defendant's assertion, our review of the record demonstrates that the trial court did not impermissibly rely on defendant's prior felony conviction in aggravation; rather, in announcing its sentence, the court merely discussed the prior conviction as an element of the underlying conviction. *Cf.* People v. Gonzalez, 151 Ill. 2d 79, 83-84 (1992) (it is impermissible for a court to consider a "single factor both as an element of the defendant's crime *and* as an aggravating factor justifying the imposition of a harsher sentence" (emphasis in original) than that within the appropriate range). Defendant's argument, therefore, is without merit.

We are additionally not persuaded by defendant's argument that the trial court imposed

-10-

his sentence in retaliation for his decision to proceed to trial. Defendant's argument completely relies on the fact that, prior to trial, the State offered to recommend a three-year prison term in exchange for his plea of guilty, and, when it was announced to the trial court, the court explained that if defendant accepted the offer he would receive credit for the time he already served. Because he refused the offer, defendant argues that the trial court imposed a "trial tax" on his sentence. We find no merit to this claim. The State's plea offer was presented absent court involvement. The court was not privy to the plea negotiations and did not participate in a Supreme Court Rule 402 conference (177 Ill. 2d R. 402). Moreover, defendant has not presented, and our review of the record has not uncovered, any evidence that the trial judge imposed a more severe sentence in retaliation of defendant's refusal to plead guilty. People v. Ward, 113 Ill. 2d 516, 526-27 (1986) (review of the record as a whole must clearly demonstrate that the sentence was improperly imposed before its reversal is warranted). In sum, we do not find that the trial court abused its discretion in fashioning defendant's sentence.

Defendant finally contends, and the State concedes, that he was erroneously assessed the $20 Violent Crime Victims Assistance Fund fine because it applies only where "no other fine is imposed" (725 ILCS 240/10(c) (West 2004)) and defendant was also assessed the $100 Trauma Center Fund fine pursuant to section 5-9-1.10 of the Unified Code of Corrections (730 ILCS 5/5-9-1.10 (West 2004)). See People v. Jones, 223 Ill. 2d 569, 593 (2006) (the Trauma Center Fund charge is considered a fine). Accordingly, we vacate defendant's Violent Crime Victims Assistance Fund fine and instruct the circuit clerk to correct defendant's mittimus accordingly. 134 Ill. 2d R. 615(b)(1); see People v. McCray, 273 Ill. App. 3d 396, 403 (1995).

1-07-0335

Accordingly, we affirm the judgment of the circuit court of Cook County. We, however, vacate one of defendant's convictions for unlawful use of a weapon by a felon and the accompanying sentence and vacate his Violent Crime Victims Assistance Fund fine. We instruct the clerk to correct defendant's mittimus as described.

Affirmed as modified; mittimus corrected.

THEIS, J., and CUNNINGHAM, J. concur.