2021 IL App (1st) 181097-U

THIRD DIVISION
March 3, 2021

No. 1-18-1097

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 17 C5 50504 |
| | ) | |
| FREDERICK LEWIS, | ) | Honorable |
| | ) | Colleen Ann Hyland, |
| Defendant-Appellant. | ) | Judge Presiding. |
| | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's seven-year sentence for violating Sex Offender Registration Act was not abuse of discretion.

¶ 2                                  BACKGROUND

¶ 3    On August 21, 2017, defendant was arrest for multiple traffic violations near 12200 South Will-Cook Road in Cook County, IL. The arresting officer conducted a name check and found that defendant was not in compliance with his registration requirements under the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq*.) (West 2018).

¶ 4    The State alleged that under SORA, defendant is required to register in person with law enforcement every ninety days. Defendant most recently registered on May 11, 2017, and under SORA, was obligated to re-register on or before August 11, 2017. Defendant was charged with two counts of violating SORA for failing to meet this requirement.

¶ 5    The State charged count two as a Class 2 felony based on defendant's previous conviction for violating SORA in case 07 C 660727. Additionally, because defendant had two prior Class 2 or above convictions, first in case 93 CR 1133001, and second in case 09 CR 0911301, the trial court found that defendant was statutorily required to be sentenced as a Class X offender.

¶ 6    On November 2, the State made a plea offer to defendant for the minimum possible sentence of six years in the IDOC, in exchange for a guilty plea on count two. On December 6, defendant indicated that he was not ready to accept the plea. The trial court then scheduled a final status hearing for January 10, 2018.

¶ 7    Defendant did not make a decision about the plea offer at the final status hearing. As a result, the trial court asked, and the State agreed, to keep the plea deal open until the next scheduled appearance on February 22. At the next appearance, defendant stated that he did not want to accept the plea deal, nor did he want to go to trial.

¶ 8    The trial court then reviewed the charges and sentencing range with defendant. The trial court explained to defendant that, if convicted, he faced a mandatory Class X sentence due to his criminal background. Defendant was confused as to why his prior Class 2 or above felony convictions could be used to enhance his sentence to that of a Class X offender. After the trial judge explained the sentencing guidelines again, defendant rejected the State's plea offer.

Although defendant rejected the plea offer, the trial court continued the case until March 21, allowing him time to reconsider.

¶ 9     On March 21, defendant formally rejected the plea, and the State withdrew the offer. A trial date was set for April 2. On the day the trial was set to begin, defendant entered into a non-negotiated plea on count two. The State then agreed to *nolle pros* count one, as well as the traffic and misdemeanor charges. The trial court also ordered a pre-sentence investigation report.

¶ 10    At the sentencing hearing on May 8, the trial court explicitly considered arguments in aggravation and mitigation. In aggravation, the State argued for a sentence ranging from the middle of the Class X range, up to thirty years. The State pointed to defendant's previous convictions for aggravated criminal sexual assault in case 93 CR 1133001, violation of SORA in case 07 C 66072701, and violation of SORA in case 09 CR 0911301, all of which formed the basis for the statutory requirement of being sentenced as a Class X offender. In addition, the State directed the trial court to defendant's 1979 conviction for deviant sexual assault, a 1984 possession of cannabis, a 2005 domestic battery, and a 2008 attempted obstruction of justice.

¶ 11    In mitigation, defendant argued for the minimum Class X sentence of six years. Defendant pointed to the fact that he is fifty-seven years old and has been married since 2008. His wife has been present at every court date and he has children that are supportive of him. In addition, defendant has had no disciplinary actions taken against him at the Cook County Department of Corrections during the length of his pre-trial custody.

¶ 12    Before imposing sentence, the trial court considered the following: the pre-sentence investigation report; defendant's criminal history; family history; psychological history; and the arguments in aggravation and mitigation. The trial judge then stated that "based upon what I have before me, I don't find that you should receive the minimum sentence" of six years. The

trial court then sentenced defendant to seven years in the IDOC. Defendant filed a motion to reconsider sentence. That motion was denied, and this appeal followed.

¶ 13                                                ANALYSIS

¶ 14    Defendant's argument on appeal is that his seven-year sentence is excessive and an abuse of discretion and that a "more appropriate sentence" would be a minimum Class X sentence of six years. Defendant contends that a sentence of seven years is disproportionate to the magnitude of his SORA violation, as the trial court did not properly consider his alleged non-violent criminal history, employment, and contributions to society in mitigation. In support, defendant points to the State's initial, but since-withdrawn plea offer of six years as "evidence" of the "utter lack of harm" caused by his SORA violation.  Finally, defendant argues that his sentence is excessive by comparing it to those of defendants in unrelated cases.

¶ 15    It is well settled that the trial court has significant discretion in imposing a sentence, and that decision is given substantial deference by the reviewing court. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). The reviewing court grants substantial deference to the trial court because, having observed both the defendant and the proceedings, the trial court is in the best position to consider factors relevant in sentencing. *People v. Snyder*, 2011 IL 111382, ¶ 36.

¶ 16    A reviewing court thus will not disturb a sentence falling within the statutory limits absent an abuse of discretion. *People v. Coleman*, 166 Ill. 2d 247, 258 (1995). An abuse of discretion occurs if the trial court imposes a sentence that is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *People v. Flores*, 404 Ill. App. 3d 155, 158 (2010). A reviewing court will not reweigh the factors in assessing a defendant's sentence and may not substitute its judgment for that of the trial court

merely because it would have weighed the factors differently. *People v. Jones*, 376 Ill. App. 3d 372, 394 (2007).

¶ 17   The Illinois Constitution requires a trial court to impose a sentence that strikes a balance between the seriousness of the offense and the defendant's rehabilitative potential. Ill. Const. 1970, art. I, § 11; *People v. Lee*, 379 Ill. App. 3d 533, 539 (2008).  The trial court considers a number of aggravating and mitigating factors, including: "the nature and circumstances of the crime, the defendant's conduct in the commission of the crime, and the defendant's personal history, including his age, demeanor, habits, mentality, credibility, criminal history, general moral character, social environment, and education." *People v. Maldonado*, 240 Ill. App. 3d 470, 485-86 (1992). Of these, the seriousness of the offense is the most important factor in determining the appropriate sentence. *People v. Willis*, 2013 IL App (1st) 110233, ¶ 123.

¶ 18   In imposing sentence, a trial judge is not required to articulate the value of each item of evidence considered in aggravation and mitigation. *People v. Meeks*, 81 Ill. 2d 524, 534 (1980). In addition, when mitigating evidence is before the trial court, it is presumed that the sentencing judge considered the evidence, absent some indication to the contrary, other than the sentence itself. *People v. Allen*, 344 Ill. App. 3d 949, 959 (2003).

¶ 19   Defendant's non-negotiated plea was his third violation of SORA, and as such, was elevated to a Class 2 felony. 730 ILCS 150/10(a). In addition, because of defendant's criminal background, he was mandatorily subject to a Class X sentencing range. 730 ILCS 5/5-4.5-95(b) (West 2019). A Class X felony sentence ranges from a minimum of six years, up to a maximum of thirty years. *Id*. § 5-4.5-25(a). The record reflects that both parties presented arguments in aggravation and mitigation. The trial judge stated that these arguments were considered in imposing a sentence of seven years.

¶ 20    Defendant argues that when considering the factors in mitigation, "a more appropriate sentence" would be a minimum Class X sentence of six years. In support, defendant first suggests that "the State strongly signaled to the trial court the lack of severity of the offense" in offering him a plea for the minimum Class X sentence of six years. We cannot agree that this plea offer indicates the "lack of severity of the offense." Plea bargains are often offered to defendants as a means of efficiently bringing a case to a close and allowing prosecutors to allocate resources elsewhere than a trial of that matter. See *People v. Wheeler*, 2019 IL App (4th) 160937, ¶ 52.

¶ 21    In other words, the plea offer of six years by the State did not necessarily signal the lack of severity of defendant's offense, but rather, likely suggested that the State was interested in a compromise in order to avoid the costs of trial. That became clear enough during sentencing, when the State argued for a sentence between the middle and high end of the sentencing range for a Class X offender, based on defendant's lengthy criminal history, including this being his third violation of SORA.

¶ 22    Defendant further attempts to downplay the seriousness of a SORA violation, suggesting that the seven-year sentence was an abuse of discretion because of the "petty nature of the crime." While a failure to register may appear to be at first glance a mere ministerial violation, the law does not treat it as such. Courts have recognized that one who commits any of the enumerated offenses under SORA is a "very serious threat to society." *People v. Marsh*, 329 Ill. App. 3d 639, 651 (2002); see *People v. Adams*, 144 Ill. 2d 381, 382 (1991). This is further evinced by the fact that a SORA violation is a strict liability crime, with the first violation charged as a Class 3 felony, and any additional violations as Class 2 felonies. 730 ILCS 150/10(a) (West 2018).

¶ 23    Next, defendant contends that his sentence was excessive by comparing it to sentences imposed on defendants in separate, unrelated cases. As the State notes, our supreme court has expressly rejected this type of comparative analysis. *People v. Fern*, 189 Ill. 2d 48, 62 (1999) ("a claim that a sentence is excessive must be based on the particular facts and circumstances of *that* case") (emphasis added).

¶ 24    Even so, the cases cited by defendant are distinguishable. See *People v. Center*, 198 Ill. App. 3d 1025, 1032 (1st Dist. 1990) (defendant was subject to Class X sentence by background after committing a "foiled Class 2 burglary," but sentence was reduced from fifteen to seven years for not being in conformance with "the spirit or purpose of the law"); *People v. Busse*, 2016 IL App (1st) 142941, ¶ ¶ 29-34 (defendant was subject to mandatory Class X sentence by background after committing a Class 1 burglary for stealing loose change from vending machine, but sentence was reduced from twelve years to six in part because crime "was motivated by poverty rather than malice"); *Marsh*, 329 Ill. App. 3d 639 (trial court abused its discretion in sentencing defendant to non-required four year extended term sentence for *first time violation* of SORA, when he moved across street and failed to report change in address).

¶ 25    Finally, the trial court explicitly noted that it took into consideration both defendant's arguments in mitigation and the State's arguments in aggravation. In aggravation, the State pointed to defendant's lengthy criminal history, including multiple felonies, and the fact that this was his third violation of SORA. Defendant argued in mitigation that he is fifty-seven years old, married with children, an active member of a church, and has had no behavioral complaints since he went into custody on August 21, 2017. In imposing sentence, the trial judge stated that, "based on what I have before me, I don't find that [defendant] should receive the minimum sentence."

¶ 26    Defendant does not overcome the strong presumption that the trial court considered these mitigating factors. This court will not substitute its judgment for that of the trial court merely because we may have balanced the mitigating and aggravating factors differently. *People v. Alexander*, 239 Ill. 2d 205, 214-15 (2010).

¶ 27    Though seven years' imprisonment undoubtedly feels harsh to defendant, the sentence was only one year above the statutory minimum and one year above the plea offer. With that in mind and given the discretion we must give the trial court in fashioning an appropriate sentence, we have no basis to overturn the sentence. Defendant has not shown that the trial court acted arbitrarily, nor that the sentence is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.

¶ 28                                    CONCLUSION

¶ 29    For the reasons set forth above, we affirm the judgment of the Circuit Court of Cook County.

¶ 30    Affirmed.