**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200440-U

Order filed December 1, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0440 Circuit No. 18-CF-656 |
| | ) | |
| UNDRA MELTON, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The circuit court did not delegate its sentencing authority to the State and defendant's sentence was not excessive.

¶ 2    Defendant, Undra Melton, appeals his sentence for aggravated battery. Defendant argues that the Kankakee County circuit court violated the separation of powers doctrine and his due process rights where it delegated its sentencing authority to the State. Defendant further argues that his sentence is excessive. We affirm.

¶ 3                                I. BACKGROUND

¶ 4          On October 29, 2018, the State charged defendant with aggravated battery, a Class 3 felony (720 ILCS 5/12-3.05(c) (West 2018)) and four counts of misdemeanor battery (*id.* § 12-3(a)(1), (a)(2)), stemming from an October 27, 2018, incident in which defendant was alleged to have struck Amanda Jobanis with a stick while on a public way. In January 2019, defendant pled guilty to aggravated battery and the remaining counts were dismissed. In exchange for his plea, defendant was sentenced to 60 days' time served in the county jail and placed on 18 months' reporting probation.

¶ 5          On November 18, 2019, the State filed a petition to revoke probation alleging that defendant failed to report to probation in July, August, and September 2019. Defendant admitted to failing to report in July and August and the petition to revoke was allowed. At that time, defendant was admonished that, based on his prior criminal history, he was eligible for extended-term sentencing on a Class 3 felony.

¶ 6          In October 2020, a sentencing hearing was held. In addition to the information contained within the presentence investigation report (PSI), the State presented evidence that defendant had worked as a confidential informant for the Kankakee Area Metropolitan Enforcement Group and assisted in drug buys. Defendant testified in two separate cases. In one case, he testified differently at trial than what he had testified at grand jury. In another case, defendant allegedly lied about not purchasing drugs from an individual, a fact that was refuted by video recording of the transaction and the jury's verdict convicted that individual.

¶ 7          Defendant presented no evidence but made a statement in allocution. During his statement, defendant disclosed to the court that he had a very serious drug addiction. He began using heroin at 15 years old. He wanted to enter an inpatient treatment program where the

counselors had experienced addiction themselves and had successfully become sober. He had attempted to obtain treatment at four different providers. Defendant had previously been incarcerated at Sheridan Correctional Center, which offered drug treatment, however, the counselors had never experienced addiction and could not "tell [him] how it is not to use." Defendant indicated that his prior convictions stemmed from his drug addiction, and he was "begging [the court] for treatment."

¶ 8        The State argued for an unspecified sentence of imprisonment and defendant requested a term of probation. The court stated:

> "I mean, what's really at issue here is this man has been to the penitentiary nine times. Nine times. Most of them drug offenses, although the first two were robbery and attempt armed robbery.

> He has had an opportunity to have drug treatment at *** the Sheridan Correctional Center. ***

> So really the issue is, is he someone who is appropriate to give probation to again for drug treatment? Is he somebody that it's appropriate for to do that? Or given his prior criminal history, is it inconsistent with the ends of justice and inconsistent with his character as one can come to know it through evaluation of these reports?

> I guess I'm going to do this:

> I'm going to—I'm going to continue the case for a couple of weeks. I'm not going to put pressure on anybody here, but I'm going to let the—I'm going to let you talk to the State. If the State decides that they're willing to take a chance

on him over the next couple of weeks in some form of a drug treatment program, I would do this:

I—I would go along with it, but I'm not going to—I'm not going to force drug treatment on a case with this much criminal history if the State remains opposed to it."

The court ended the proceeding by indicating that it would "somewhat reluctantly go along with drug treatment should the State, on reflection, having digested what [defendant] said today, decide to go along with it. If they don't, he's going to the Department of Corrections."

¶ 9        On October 23, 2020, the State indicated that they would not be agreeing to drug treatment or probation due to defendant's prior criminal background and perjury. The court then imposed a sentence of five years' imprisonment, stating that it took into consideration "the evidence in the [PSI], arguments of counsel, [and found] that a sentence of probation would be inconsistent with the ends of justice and deprecate the seriousness of the offense." Defendant's oral motion to reconsider was denied. Defendant appeals.

¶ 10                                      II. ANALYSIS

¶ 11                          A. Delegation of Sentencing Authority

¶ 12        Defendant argues that the court violated the separation of powers doctrine where it impermissibly delegated its sentencing authority to the State, granting it the discretion to decide whether defendant would receive a term of probation or imprisonment. Further, defendant argues that this impermissible delegation of sentencing authority allowed the State, a biased party, to decide what sentence would be imposed on defendant depriving him of his right to a fair sentencing hearing. We disagree.

4

¶ 13    "[T]he power to impose sentence is exclusively a function of the judiciary." *People v. Phillips*, 66 Ill. 2d 412, 415 (1977). "All sentences shall be imposed by the judge based upon his independent assessment *** and any agreement as to sentence reached by the parties." 730 ILCS 5/5-4-1(b) (West 2018). A defendant's right of due process remains present after conviction, and he retains the right to a sentencing hearing that is fundamentally fair. *Betterman v. Montana*, 578 U.S. 437, 448 (2016). "Fairness of course requires an absence of actual bias in the trial of cases." *In re Murchison*, 349 U.S. 133, 136 (1955).

¶ 14    Here, defendant was requesting a term of probation and the State requested an unspecified term of imprisonment. The court continued the hearing to allow defendant the opportunity to see if an agreement for drug treatment could be reached considering defendant's statement in allocution. It clearly indicated, prior to continuing the case, that it was giving defendant time to speak with the State and, if no agreement could be reached, it would impose a term of imprisonment.

¶ 15    On October 23, 2020, the State informed the court that they would not be entering into an agreement with defendant for probation and renewed its recommendation for a sentence of imprisonment. The State did not decide defendant's sentence. It merely refused to change its sentencing recommendation. The court may properly consider the arguments of the parties regarding sentencing alternatives at a sentencing hearing. 730 ILCS 5/5-4-1(a)(5) (West 2018). Sufficient evidence was presented and expressly considered by the court to enable it to make its own independent determination outside of the State's sentencing recommendation. The court determined, considering the evidence presented, that a five-year term of imprisonment was appropriate in the absence of any agreement which it previously stated that it would reluctantly honor. Accordingly, the court did not confer its sentencing powers to the State. Where the court,

in its discretion, decided the sentence, defendant's arguments for a separation of powers violation and due process violation both necessarily fail.

¶ 16                                    B. Excessive Sentence

¶ 17        Defendant argues that his sentence is excessive considering the nature of the offense and the court's indication that it would have sentenced defendant to probation had the State agreed.

¶ 18        Absent an abuse of discretion, a court's sentencing decision will not be reversed. *People v. Bush*, 2022 IL App (3d) 190283, ¶ 118. "[A] sentence within the statutory limits will not be considered excessive unless it greatly varies with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *People v. Lee*, 379 Ill. App. 3d 533, 539 (2008).

¶ 19        The statutory range for a Class 3 felony is 2 to 5 years' imprisonment, while the range for an extended-term sentence is 5 to 10 years' imprisonment. 730 ILCS 5/5-4.5-40(a) (West 2018). Defendant's five-year sentence falls well within the applicable statutory range. Sentences which fall within the applicable range are presumptively valid. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 20        Defendant argues that the five-year sentence is extreme considering the lack of injuries to Jobanis. Defendant highlights that no injuries were observed on Jobanis, and no evidence was presented regarding the intensity or number of strikes. However, the legislature determined that aggravated battery, on or about a public way, was a serious offense when it categorized it as a Class 3 felony. See 720 ILCS 5/12-3.05(h) (West 2018); *People v. Buie*, 217 Ill. App. 3d 786, 789 (1991) (the legislature "intended to protect the public safety by making more serious a battery done in a public place, because it 'constitutes a more serious threat to the community than a simple battery.' "). Further, regardless of the severity of the injuries, aggravated battery is

6

a violent crime. See 725 ILCS 120/3(c) (West 2018) (" 'Violent crime' means *** any felony in which force *** was used against the victim.").

¶ 21      Defendant also argues that the sentence is excessive where the court strongly considered probation and reasoned that probation would be an acceptable sentence. However, the court's language clearly demonstrates that it did not consider imposing a sentence of probation absent an agreement by the parties, and even then, would only reluctantly agree to such a sentence. The court expressed doubt regarding the propriety of probation for a person with such an extensive prior criminal record and explicitly found a sentence of probation would be inconsistent with the ends of justice and deprecate the seriousness of the offense.

¶ 22      For the foregoing reasons, we find that the court did not abuse its discretion in sentencing defendant to five years' imprisonment.

¶ 23      III. CONCLUSION

¶ 24      The judgment of the circuit court of Kankakee County is affirmed.

¶ 25      Affirmed.